IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE BOHICHIK, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | Case No. 2:04-cv-01148-ALM-TPK |
| TIME WARNER CABLE INC., : | JUDGE MARBLEY |
| : | |
| Defendant. : | |

## OPINION AND ORDER

### I. Introduction

This matter is before the court on Defendant's Motion for Summary Judgment. Plaintiff has not responded to Defendant's Motion for Summary Judgment. For the following reasons the Court **GRANTS** Defendant's Motion for Summary Judgment.

### II. Background

#### A. Facts

Plaintiff began his employment at Time Warner Cable, Inc. ("TWC") on March 10, 1986. He first worked as a Direct Sales Representative and then, beginning in March 1989, as a Commercial Sales Representative. His primary employment function consisted of selling TWC's cable services to apartments, hotels, and other multi-dweller establishments. It is uncontested that over a period of eight years, dating from 1992 to early 2002, Defendant reprimanded Plaintiff for a poor job performance. Defendant rebuked Plaintiff for, among other things, having poor organizational skills, lacking customer service skills, and failing to carry out management assigned tasks.

It is further uncontested that in the five months preceding his termination, Defendant issued three written reprimands to Plaintiff, two of which included specific requirements that TWC required Plaintiff to adhere to in the subsequent months.  Finally, after Plaintiff failed to achieve any units out of a thousand-unit sales goal set for him[1], Defendant terminated him on January 4, 2002.  Defendant subsequently filed this age discrimination action on March 11, 2003.

### B. Procedural History

Plaintiff originally filed the present action under case number 2:03-cv-00218-ALM-NMK on March 11, 2003. After the parties completed discovery and while the present motion for summary judgment was pending, both parties consented to dismiss the case without prejudice on August 17, 2004.  Plaintiff subsequently refiled this action on December 3, 2004.  According to the preliminary pretrial order issued on May 4, 2005, discovery was due by October 31, 2005.  Motions for summary judgment were due by November 30, 2005.  Defendant filed the present motion for summary judgment on November 29, 2005.  Plaintiff's response was due on December 23, 2005. Because Plaintiff's attorney withdrew on December 2, 2005, this Court granted a motion to stay the case until January 30, 2006. On April 17, 2006, this Court issued a second order extending the time for the Plaintiff to respond to Defendant's Motion for Summary Judgment. The new response due date was May 17, 2006.  Plaintiff has failed to respond.

### III. Standard of Review

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to

---

[1]TWC required its sales associates to contract with apartment complexes and other multi-unit dwellings such that TWC had an elusive right to provide cable to the units within those complexes.  The "one-thousand unit" minimum refers to the minimum number of total units within these various complexes that TWC required its sales representatives to acquire in the fourth quarter of 2001.

interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Vatrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). In response, the nonmoving party must present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the nonmoving party).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1995).

IV. Analysis

A. Introduction

Plaintiff has alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq., the Ohio Revised Code 4112.02 et seq., and Ohio public policy pursuant to the Ohio Revised Code 4112.02 et seq.

The applicable legal standard for analyzing Plaintiff's state law claim under Ohio Revised Code 4112.02 et seq. is the same as the standard for analyzing his claim under the ADEA. In *Majestic v. Automatic Data Processing, Inc.*, 274 F.3d 1106 (6th Cir. 2001), the court held that "Ohio courts examine employment discrimination claims in accordance with federal case law interpreting Title VII." Accordingly, as Plaintiff's state age discrimination claim falls within the category of "employment discrimination," this Court shall apply the applicable ADEA standard to analyze both the state and federal claims. Furthermore, if Defendant successfully shows that Plaintiff has not suffered age discrimination, it follows that Plaintiff's public policy claim for age discrimination should fail as well.

**B. Plaintiff Fails to Demonstrate a Prima Facie Case for Age Discrimination Under the ADEA**

Plaintiff must, to resist a motion for summary judgment by Defendant, allege facts which establish that a reasonable jury could return a verdict for Plaintiff. Plaintiff may establish a prima facie case for age discrimination through direct or indirect evidence. *See Wanger v. G.A. Gray Co.*, 872 F.2d 142, 145 (6th Cir. 1989); *Grant v. Harcourt Brace College Publishers*, 12 F.Supp. 748, 753 (S.D.Ohio 1998). Plaintiff has neither submitted affidavits nor responded to Defendant's summary judgment motion. As such, there is no direct evidence on the record

which Plaintiff may use to support his ADEA claim. As a result, the Court is left to examine whether enough indirect evidence exists for Plaintiff's action to withstand summary judgment.

Indirect age discrimination claims in the Sixth Circuit are evaluated under the *McDonnell Douglas* standard. *Wanger*, 872 F.2d at 144 (citing *McDonnell Douglas Corp. v. Green*, 411U.S. 792 (1973)). The *McDonnell Douglas* framework allows Plaintiff to prove the requisite discriminatory intent by inference. *Wanger*, 872 F.2d at 145.

To establish a prima facie case for age discrimination by inference, Plaintiff must show that "(1) he was a member of a protected class; (2) he was discharged; (3) he was qualified for the position; and (4) he was replaced by a younger person." *Wilkins v. Eaton Corp.*, 790 F.2d 515, 520 (citing *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir. 1982)).

Defendant does not dispute that Plaintiff has satisfied elements one, two, and four of this standard. *See* Defendant's Motion for Summary Judgment p. 12. Defendant argues that Plaintiff was no longer qualified for the position at the time of his termination, thus negating the third element of the above standard.

For the purposes of an age discrimination claim, to be "qualified" for a position means that the employee "was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative." *Wilkins*, 790 F.2d at 520 (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 (1st Cir. 1979)).

There is substantial evidence on the record which illustrates that at the time TWC fired Plaintiff he was not meeting TWC's legitimate job expectations. In the months preceding Defendant's termination, TWC had received several complaints from customers regarding Defendant's handling of their accounts. Within the last five months of his employment at TWC,

Defendant received three different written warnings from his supervisors admonishing him for his poor job performance and listing areas in which he could improve. Additionally, TWC reproved Defendant for failing to turn in his evaluations on time, having poor organizational skills, lacking adequate communication skills, and failing to meet objective performance standards applicable to all sales representatives. *See* Appendix of Defendant's Motion for Summary Judgment ("Appendix").

As proof of a prima facie case, Plaintiff must demonstrate that he is meeting his employer's legitimate job expectations. *See Wilkins* 790 F.2d at 521; *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). Defendant, in neglecting to respond to Plaintiff's motion or file any affidavits, has failed to put any facts on the record rebutting Defendant's claim that he did not meet Defendant's employment standards at the time of his termination. As a result, this Court finds that Plaintiff has failed to establish a prima facie case for age discrimination.

### C. Defendant Offers an Age-Neutral Explanation

Even if this Court was to find that Plaintiff has established a prima facie case for age discrimination, Defendant can rebut the inference of discriminatory intent by articulating a legitimate, non-discriminatory, and age-neutral reason for Plaintiff's termination. *See Wilkins v. Eaton Corp.*, 790 F.2d 515, 520 (6th Cir. 1986). In the case at bar, Defendant has provided just such a reason, specifically Plaintiff's poor job performance over the proceeding eight years. Defendant has furnished the Court with a fifteen-page Appendix which details no less than fifteen written warnings which TWC issued to Plaintiff in the years preceding his termination.

On January 4, 2002, TWC terminated Plaintiff. The stated reasons were that Plaintiff (1)

Failed to secure any sales toward his one-thousand unit sales goal; (2) Failed to respond timely to a request to research and correct a commercial account allowing a problem to grow; (3) Mishandled a sales account over a several month period forcing his supervisor to personally intervene; and (4) Failed to pursue a commercial account leading to the loss of a customer. *See* Appendix at xiv.

The Court finds that Plaintiff's poor job performance constitutes a legitimate, age-neutral explanation for his termination. Given that TWC "has articulated a legitimate reason for its action, the plaintiff has the burden of showing, by a preponderance of the evidence, that the stated reason is a mere pretext or 'cover-up' for what was in truth a discriminatory purpose." *Wilkins*, 790 F.2d at 521 (citing *Loeb v. Textron*, 600 F.2d 1003, 1012 (1st Cir. 1979)). In meeting his burden of production, Defendant "need not persuade the court that it was actually motivated by the proffered reasons. ... It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiffs." *West v. Fred Wright Construction Co.*, 756 F.2d 31, 33 (6th Cir. 1985) (citing *Texas Department of Community Affairs v. Barton*, 450 U.S. 248, 254-256 (1981)).

Plaintiff has offered no evidence to rebut the legitimate reason for his termination proffered by Defendant. He has failed both to turn in a response to Plaintiff's motion and to provide the court with affidavits or other evidence which support his age discrimination claim. As such, the Court finds that the Defendant has failed to meet his burden of production.

## V. Conclusion

For the foregoing reasons the Court **GRANTS** Defendant's Motion for Summary Judgment.  This case is dismissed.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated:  December 4, 2006**